**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MORGAN HEGEMAN, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

SUMMITT 4 GROUP LLC, d/b/a LIGHTBRIDGE ACADEMY OF DOYLESTOWN,
Defendant.

Civil Action No. 26-2905

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Morgan Hegeman, individually and on behalf of all others similarly situated, by and through her undersigned counsel, files this Complaint against Defendant Summitt 4 Group LLC, doing business as Lightbridge Academy of Doylestown, and alleges as follows:

## SUMMARY

1. Plaintiff Morgan Hegeman brings this action individually and on behalf of similarly situated current and former hourly employees of Defendant The Summit Group, doing business as Lightbridge Academy of Doylestown and related Lightbridge Academy locations owned or operated by Defendant.

2. Defendant employed Plaintiff and similarly situated hourly employees to provide childcare, teaching, classroom support, opening, closing, and other services at Defendant's childcare centers.

3. Defendant maintained a common wage practice known to employees as an "overtime freeze." When hourly employees worked more hours than Defendant wanted to pay, Defendant changed, reduced, capped, or otherwise manipulated time records so employees would not be paid for all hours worked, including overtime hours.

4. Defendant's managers and decisionmakers knew of this practice. Multiple employees complained to management that time cards were being changed and that employees were not being paid for all time worked. Management did not correct the practice.

5. As a result, Plaintiff and similarly situated employees were not paid all regular wages and overtime wages owed under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law.

## JURISDICTION AND VENUE

6. This action arises under the Fair Labor Standards Act, 29 U.S.C. Section 201, et seq. ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. Section 333.101, et seq. ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. Section 260.1, et seq. ("WPCL").

7. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. Section 216(b).

8. This Court also has federal question jurisdiction pursuant to 28 U.S.C. Section 1331.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367 because those claims arise from the same facts, wage practices, timekeeping practices, and employment relationship as Plaintiff's FLSA claims.

10. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District, including at Lightbridge Academy of Doylestown in Bucks County, Pennsylvania, and other Pennsylvania locations owned or operated by Defendant.

11. At all relevant times, Defendant was an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

12. At all relevant times, Defendant had employees engaged in commerce, handled goods and materials that moved in interstate commerce, used interstate communications and payment systems, and operated a childcare franchise business with an annual gross volume of sales or business done exceeding $500,000.

## PARTIES

13. Plaintiff Morgan Hegeman is an adult individual and a resident of Pennsylvania.

14. Plaintiff was employed by Defendant as an hourly, non-exempt childcare employee at Lightbridge Academy of Doylestown.

15. Defendant Summitt 4 Group LLC, doing business as Lightbridge Academy of Doylestown is a Pennsylvania limited liability company with a registered address at 12 Ellerdale Rd, Fallington PA 19054, in Bucks County.

16. Defendant is a multi-unit childcare franchisee group that owns, operates, manages, or controls Lightbridge Academy childcare locations in Pennsylvania, including Doylestown, Fort Washington, Glenside, and Wyomissing.

17. Lightbridge Academy of Doylestown is located at 4139 Ferry Road, Doylestown, Pennsylvania 18902.

18. Upon information and belief, Defendant operated the relevant Lightbridge Academy locations through common ownership, common management, centralized control of labor relations, common payroll and timekeeping systems, common wage policies, common managers, and common decisionmakers.

19. Upon information and belief, to the extent any Lightbridge Academy location was technically owned or operated through a separate affiliated entity, those entities acted jointly as Plaintiff's employer and as the employers of similarly situated employees.

20. Plaintiff reserves the right to amend this Complaint to identify additional affiliated entities, owners, officers, directors, members, managers, and decisionmakers after discovery confirms the precise ownership and operational structure.

## FACTS SPECIFIC TO PLAINTIFF MORGAN HEGEMAN

21. Plaintiff worked for Defendant as an hourly, non-exempt childcare employee.

22. Plaintiff performed work for Defendant's benefit, including childcare, classroom, closing, and other assigned work.

23. Plaintiff was required, permitted, suffered, or expected to work hours that were not fully and accurately recorded or paid.

24. Plaintiff worked more than 40 hours in one or more workweeks during her employment with Defendant.

25. Defendant did not pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 in a workweek.

26. Instead, when Plaintiff and other employees worked more hours than Defendant wanted to pay, Defendant changed, reduced, capped, or deleted time entries.

27. Plaintiff became aware that Defendant had an "overtime freeze" and that time records were being changed to avoid paying employees for all hours worked and to avoid paying overtime premiums.

28. Plaintiff and other employees complained about time card changes and unpaid time.

29. Rachel Doyle, a director or manager at the Doylestown location, was one of the management employees responsible for changing or approving changes to time records.

30. Rebeccah Yerkes, another director or manager, knew about employee complaints concerning changed time cards and unpaid time.

31. Upon information and belief, a regional manager for Defendant knew about the time card edits and unpaid wage complaints.

32. Upon information and belief, ownership or senior management, including Nishitkumar Patel and other decisionmakers responsible for Defendant's Pennsylvania Lightbridge Academy locations, knew about the time card edits and unpaid wage complaints.

33. Defendant did not correct the wage violations, did not restore the changed time entries, and did not pay Plaintiff and similarly situated employees all wages due.

34. From approximately April 2025 through November 2025, Plaintiff regularly closed the building Monday through Thursday and had personal knowledge that employees continued working during time that was later missing from time records or not properly paid.

35. Plaintiff identified other current and former employees whose time cards were changed, reduced, capped, or otherwise manipulated.

36. Plaintiff also identified other employees who complained about Defendant's wage practices or related treatment by management.

37. Defendant's time and payroll records are in Defendant's possession and will identify the employees who were subject to the same unlawful policy or practice.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

38. Plaintiff brings Count I as a collective action pursuant to 29 U.S.C. Section 216(b) on behalf of herself and all similarly situated employees.

39. The proposed FLSA collective consists of all current and former hourly, non-exempt employees who worked for Defendant at any Lightbridge Academy location owned, operated, managed, or controlled by Defendant at any time within three years before the filing of this Complaint through final judgment and who were not paid all wages and overtime wages owed because Defendant changed, reduced, capped, deleted, or otherwise manipulated their recorded work time.

40. Plaintiff brings Counts II and III as Rule 23 class claims under the PMWA and WPCL on behalf of herself and a Pennsylvania class of similarly situated employees.

41. The proposed Pennsylvania Class consists of all current and former hourly, non-exempt employees who worked for Defendant in Pennsylvania at any time within three years before the filing of this Complaint through final judgment and who were not paid all wages and overtime wages owed because Defendant changed, reduced, capped, deleted, or otherwise manipulated their recorded work time.

42. Plaintiff and members of the FLSA collective and Pennsylvania Class were all hourly, non-exempt employees subject to Defendant's common payroll, timekeeping, and overtime practices.

43. Plaintiff and members of the FLSA collective and Pennsylvania Class were similarly situated because they performed hourly work for Defendant, were subject to the same

timekeeping system, were subject to the same management structure, and were subject to the same practice of changing or reducing recorded work time.

44. Defendant's unlawful practice was not limited to Plaintiff. Defendant maintained and applied a common policy or practice that affected hourly employees across Defendant's Lightbridge Academy operations.

45. The identities, addresses, phone numbers, email addresses, dates of employment, job titles, time records, payroll records, and wage rates of the similarly situated employees are readily ascertainable from Defendant's records.

46. Plaintiff's claims are typical of the claims of the collective and class members because Plaintiff and the collective and class members were injured by the same unlawful timekeeping and wage practices.

47. Plaintiff will fairly and adequately protect the interests of the collective and class members. Plaintiff has no interests adverse to the members of the collective or class and has retained counsel experienced in wage and hour litigation, collective actions, and class actions.

48. Common questions of law and fact predominate over any individualized issues, including whether Defendant maintained an overtime freeze, whether Defendant changed time records, whether Defendant failed to pay all hours worked, whether Defendant failed to pay overtime premiums, whether Defendant acted willfully, and the proper measure of damages.

49. A collective action and class action are superior to requiring employees to file separate lawsuits because the claims arise from common records and common policies, the damages for many employees may be too small to justify separate litigation, and separate lawsuits would create unnecessary expense and inconsistent results.

50. Without collective and class treatment, Defendant will retain the benefit of its unlawful wage practices and many employees will be unable to vindicate their rights.

**COUNT I**

Collective Action under the Fair Labor Standards Act

51. The preceding paragraphs are incorporated by reference.

52. Plaintiff brings this claim individually and as a collective action pursuant to 29 U.S.C. Section 216(b).

53. Defendant was Plaintiff's employer within the meaning of the FLSA.

54. Defendant was the employer of the similarly situated employees within the meaning of the FLSA.

55. Plaintiff and the similarly situated employees were employees within the meaning of the FLSA.

56. Plaintiff and the similarly situated employees were non-exempt employees entitled to overtime compensation under the FLSA.

57. Defendant required, permitted, suffered, or allowed Plaintiff and similarly situated employees to work more than 40 hours in one or more workweeks.

58. Defendant failed to pay Plaintiff and similarly situated employees one and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

59. Defendant failed to keep accurate records of all hours worked by Plaintiff and similarly situated employees.

60. Defendant knew or should have known that Plaintiff and similarly situated employees performed work for which they were not fully paid.

61. Defendant's violations of the FLSA were willful because Defendant knew about employee complaints, knew that time records were being changed, knew that employees were working time that was not being paid, and nevertheless continued the practice.

62. As a result of Defendant's violations, Plaintiff and similarly situated employees are entitled to unpaid wages, unpaid overtime wages, liquidated damages, attorney fees, costs, interest, and all other relief available under the FLSA.

## **COUNT II**

Class Action under the Pennsylvania Minimum Wage Act

63. The preceding paragraphs are incorporated by reference.

64. Plaintiff brings this claim individually and as a Rule 23 class action on behalf of the Pennsylvania Class.

65. Defendant was Plaintiff's employer within the meaning of the PMWA.

66. Defendant was the employer of members of the Pennsylvania Class within the meaning of the PMWA.

67. Plaintiff and members of the Pennsylvania Class were non-exempt employees entitled to overtime compensation under the PMWA.

68. Defendant required, permitted, suffered, or allowed Plaintiff and members of the Pennsylvania Class to work more than 40 hours in one or more workweeks.

69. Defendant failed to pay Plaintiff and members of the Pennsylvania Class one and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

70. Defendant failed to maintain accurate time and payroll records reflecting all hours worked by Plaintiff and members of the Pennsylvania Class.

71. Defendant's violations of the PMWA were willful and caused Plaintiff and members of the Pennsylvania Class to suffer damages.

72. Plaintiff and members of the Pennsylvania Class are entitled to unpaid wages, unpaid overtime wages, liquidated damages, attorney fees, costs, interest, and all other relief available under the PMWA.

## **COUNT III**

Class Action under the Pennsylvania Wage Payment and Collection Law

73. The preceding paragraphs are incorporated by reference.

74. Plaintiff brings this claim individually and as a Rule 23 class action on behalf of the Pennsylvania Class.

75. Plaintiff and members of the Pennsylvania Class had an agreement or understanding with Defendant that they would be paid hourly wages for the time they worked.

76. Wages, including overtime wages, became due and payable to Plaintiff and members of the Pennsylvania Class under their employment relationship with Defendant.

77. Defendant failed to pay Plaintiff and members of the Pennsylvania Class all wages due and owing, including wages for hours worked that Defendant removed, reduced, capped, deleted, or otherwise failed to pay.

78. Defendant's failure to pay wages due violated the WPCL.

79. Plaintiff and members of the Pennsylvania Class are entitled to unpaid wages, statutory liquidated damages, attorney fees, costs, interest, and all other relief available under the WPCL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Morgan Hegeman respectfully requests that this Court enter judgment in favor of Plaintiff and all similarly situated employees and against Defendant, and award the following relief:

a. Conditional certification of Count I as an FLSA collective action under 29 U.S.C. Section 216(b);

b. Approval of notice to all similarly situated employees, including production of names, addresses, phone numbers, email addresses, dates of employment, job titles, wage rates, and payroll records;

c. Certification of Counts II and III as Rule 23 class claims;

d. Unpaid regular wages and unpaid overtime wages;

e. Liquidated damages under the FLSA and PMWA;

f. Liquidated damages under the WPCL in the amount of 25% of unpaid wages or $500 per class member, whichever is greater;

g. Prejudgment and post-judgment interest;

h. Attorney fees and costs;

i. A declaratory judgment that Defendant's wage practices violated federal and Pennsylvania law; and

j. Any other relief the Court deems just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ David M. Manes*
David M. Manes, Esq.
PA ID No. 314661
MANES & NARAHARI, LLC
One Oxford Centre
301 Grant St, Suite 270
Pittsburgh, PA 15219
(412) 626-5570 Direct
(412) 650-4845 Fax
dm@manesnarahari.com
Counsel for Plaintiff and
the Proposed Collective and Class

**VERIFICATION**

I, Morgan Hegeman, make this verification and state that the averments of fact set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements therein are made subject to the penalty of perjury under the laws of the United States of America.

Morgan Hegeman
2026-May-01 08:09